I iGAUDIN, Judge.
This is an appeal by Davey J. Lusco and Gary Babin from a judgment of the 24th Judicial District Court dated April 3, 1995. The judgment awarded $309,100.12 to Lusco subject to applicable credits and $341,292.50 to Babin subject to applicable credits. Cast in judgment was the Louisiana Insurance Guaranty Association (LIGA). At issue in this appeal is the amount of apphcable credits. The trial court did not itemize the “applicable credits” although it did recognize the fact that LIGA was statutorily entitled to certain credits.
For the foHowing reasons, we amend the district court judgment by specifying the credit amounts.
Lusco and Babin were in an automobile rear-ended by a vehicle driven by Dinh Thinh Vinh while in the course of his employment with the Jefferson Parish School Board on March 9, 1988. Lusco and Babin sued Vinh, the school board and their insurer, United States Fire Insurance Company (US-FIC), which had issued a $600,000.00 Hability policy.
Also sued were (1) AEstate Insurance Company, Lusco’s underinsured ^motorist carrier, (2) Viking Insurance Company, Ba-bin’s underinsured motorist carrier, and (3) PeHean State Mutual Insurance Company, which had in effect an excess pohcy providing coverage to the school board in excess of $600,000.00. PeHean was declared insolvent at which time LIGA was substituted as a party defendant.
In settlement on May 11, 1990, Lusco and Babin each accepted $275,000.00 from US-FIC. In addition, Lusco subsequently received $10,000.00 from Viking, while Babin received $10,000.00 from AEstate and $10,-000.00 from Viking.
LIGA’s HabiEty is statutory. It is entitled by law to credits for any other payments made by any other insurer. LIGA must pay amounts in excess of $600,000.00 but it is empowered to claim these credits.
Lusco argues on appeal that LIGA’s payments under its excess poEcy should be distributed to each claimant in the same proportion as each claim bears to the total of the claims; accordingly, because Lusco’s pro rata share of the total damages is 48 per cent and Babin’s pro rata share is 52 per cent, LIGA’s credit against Lusco’s damages should be $288,000.00 and LIGA’s credit against Ba-bin’s damages should be $312,000.00. LIGA and Babin, on the other hand, contend that LIGA credits should be appEed equaEy inasmuch as both Babin and Lusco received an equal amount in settlement from LIGA ($275,000.00 each). LIGA and Babin are correct in this regard.
We are unaware of any Louisiana decision precisely on point, but if Lusco and Babin received exactly the same amount from US-FIC, it foEows logieaEy that LIGA’s $600,-000.00 credit should be equaEy spEt. The *1088 cases cited by Lusco involve apportionments from primary insurance limits of solvent companies and are clearly distinguishable from the instant facts and |3circumstances.
LIGA is not a conventional insurance carrier but a legislatively credited entity designed to partially rectify the consequences of a licensed liability insurance company becoming insolvent and unable to stand in judgment. As such, we hold that if claimants settle equally under primary coverage, LIGA as the excess carrier is entitled to equal credits.
LIGA is therefore entitled to a $310,000.00 credit against Luseo’s claims, which includes the $10,000.00 received from Viking plus $300,000.00. The credits obviously exceed the amount awarded to Lusco. LIGA owes nothing further to this claimant.
Babin is entitled to $21,292.50 ($341,292.50 minus credits totaling $320,000.00).
We amend the April 3, 1995 judgment to state (1) that Babin is awarded $21,292.50 from LIGA, with legal interest from February 26,1993, the date of Pelican’s insolvency, until paid; and (2) that LIGA does not owe anything to Lusco.
Each party to this appeal shall bear his or its costs.
AFFIRMED AS AMENDED.